UNITED STATES COURT OF APPEALS
FOR THE
SECOND CIRCUIT

_____

Nino Martinenko, on behalf of herself and others similarly situated,

    Plaintiff-Counter-Defendant-Appellee,

Dagmara Maja Huk,

    Plaintiff-Appellee-Cross-Appellant,

           -against-

212 Steakhouse, Inc., and
Nikolay Volper,

Defendants-Counter-Claimants-Appellants-Cross-Appellees.

Docket No.: 24-3262(L), 24-3263(XAP)

_____

**MOTION TO WITHDRAW AS COUNSEL OF RECORD**
**FOR DEFENDANTS 212 STEAKHOUSE AND NIKOLAY VOLPER**

    Pursuant to Local Rule 27.1 of the United States Court of Appeals for the Second Circuit, and Local Rule 1.4 of the Local Rules of the U.S. District Court for the Southern and Eastern Districts of New York, the firm Coburn Greenbaum & Eisenstein, PLLC ("CGE") respectfully submits this Motion for Leave to Withdraw as Counsel for Defendants 212 Steakhouse, Inc. and Nikolay Volper. Undersigned counsel also respectfully requests that the supporting Declaration be filed under seal and in camera.

**ARGUMENT**

**A.**    **Background**

    The case being appealed was commenced on January 20, 2022, in the United States District Court for the Southern District of New York. On April 27, 2023, undersigned counsel entered an

appearance in the case on behalf of Defendants 212 Steakhouse, Inc., and Nikolay Volper after discovery had been completed and after a FLSA collective action had been conditionally certified and after a Fed. R. Civ. P. 23 class action had been certified. Final Judgment was rendered in the District Court case on November 14, 2024. Defendants filed a Notice of Appeal with this Court on December 11, 2024, and Plaintiffs filed a Cross Notice of Appeal on December 12, 2024. On January 31, 2025, undersigned counsel and the firm Coburn, Greenbaum, and Eisenstein, PLLC, filed a Motion to Withdraw as Counsel for the Defendants in the District Court case. The Motion was granted on February 14, 2025. Undersigned counsel now submits this Motion for Leave to Withdraw as counsel in the above captioned matter. Undersigned counsel also requests leave to file, under seal and in camera, the Declaration of Counsel (Jonathan Greenbaum) in further support of the Motion. Should this Motion to Withdraw be granted, it is respectfully requested that the case be stayed 30 days so the Defendants may have time to find new counsel.

**B.** <u>**Standard**</u>

Withdrawal of counsel is governed by Rule 1.4 of the Local Rules of the U.S District Court for the Southern District of New York ("Local Rule 1.4"), which states, in pertinent part, "An attorney who has appeared as attorney of record for a party… may not withdraw from a case without leave of the Court granted by Order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal … and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien." Local R.1.4. Moreover, "[w]hether to grant or deny a motion to withdraw as counsel 'falls to the sound discretion of the trial court.'" *Stair v. Calhoun*, 722 F.Supp.2d 258, 264 (E.D.N.Y. 2010) (quoting *In re Albert*, 277 B.R. 38, 47 (Bankr. S.D.N.Y. 2002)).

Documents in support of motions to withdraw as counsel are routinely filed under seal when necessary to preserve confidentiality of the attorney-client relationship between a party and its counsel. *Thekkek v. Lasersculp, Inc.* 2012 WL 225924 at *3 (S.D.N.Y. Jan. 23, 2012). It is also appropriate for a court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw. *Ashmore v. CGI Grp., Inc. No. 11 Cov. 9611 (AT)* DK. No. 56 (S.D.N.Y. Sep't 20, 2013)(ordering that counsel need not serve his adversary with such papers); L.R. Civ. 1.4 committee notes ("This is not meant to preclude the Court from permitting the reasons for withdrawal to be stated in camera and under seal in an appropriate case").

**C.**     **Defendants' Counsel Should be Granted Leave to Withdraw as Counsel**

Defendants' counsel, Coburn Greenbaum & Eisenstein, seeks to withdraw as counsel due to a breakdown in the attorney-client relationship. A lawyer may withdraw from representing a client if the client, by his or her conduct, "fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." (Rules of Professional Conduct [22 NYCRR 12000] rule 1.16 [c]. [7]). (*See Bijan Karimian v. Time Equities, Inc.,* 2011 U.S Dist. LEXIS 51916, 2011 WL 1900092 (S.D.N.Y. May 11, 2011); *Dillon v. Otis El. Co.,* 22 A.D.3d 1, 3-4, 800 NYS2d 385 (2005); *McCormack v. Kamalian,* 10 A.D.3d 679, 781 NYS2d 743 (2004).

In considering a motion for withdrawal of counsel, District Courts analyze two factors: 1) the reasons for withdrawal and 2) the impact on the withdrawal on the timing of the proceeding. *Ashmore v. CGI Grp., Inc.,* 2013 WL 5863569 (S.D.N.Y. October 30, 2013). It is well settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively. *Farmer v. Hyde Yor Exes Optical, Inc.* 60 F.Supp.3d 441,

3

445 (S.D.N.Y. 2014). Satisfactory reasons for withdrawal include a client's lack of cooperation, and the existence of an irreconcilable conflict between attorney and client. *Munoz v. City of New York*, 2008 WL 2843084 (S.D.N.Y. July 15, 2008) (lack of communication, acronymous relationship); *Fischer v. Biman Bangladesh Airlines,* 1997 WL 411446 (S.D.N.Y. July 18, 1997). "It is well settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *United States v. Lawrence Aviation Indus.,* 2011 WL 601415 (E.D.N.Y. Feb. 11, 2011). The circumstances set forth in the attached Declaration (requested to be filed under seal and ex parte) of Jonathan W. Greenbaum are sufficient to permit the withdrawal of counsel for Defendants.[1]

**D.     Prosecution of the Case is Not Likely To Be Disrupted By Withdrawal Of Counsel**

In considering a motion to withdraw pursuant to Southern District Local Rule 1.4, the court must also consider "the posture of the case, including its position, if any, on the calendar," and whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999) (quotation and citation omitted).

Defendants had filed a scheduling notification pursuant to the Court's Local rule 31.2 setting March 27, 2025, as the brief filing date, and on January 13, 2025, a Scheduling Order was issued setting the brief to be due on March 27. Withdrawal of Defendants' counsel, and a stay of 30 days in this action for Defendants to find new counsel, would not cause Plaintiffs any significant harm. Plaintiffs' counsel take no position on this Motion and do not intend to file an opposition to

---

[1] Should the Court seek additional information from Defendants counsel, counsel reserves the right to do so to protect the attorney-client privilege and lawyer-client confidentiality obligations. *See American Bar Ass'n Standing Committee on Ethics and Professional Responsibility Formal Opinion* 476 (Dec. 19, 2016) (discussing confidentiality obligations when seeking to withdraw). It is appropriate for a court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw. *Weinberger v. Provident Life & Cas. Ins. Co.* 1998 WL 898309 (S.D.N.Y. Dec. 23, 1998); *Ashmore v. CGI Grp., Inc.* No. 11 Civ 8611 (AT) Dk. No. 56 (S.D.N.Y Sept. 30, 2013) (ordering that counsel "need not serve is adversary with three papers").

4

it. There are no currently pending motions, and this appeal was filed just recently, with no other pending deadlines.[2]

Here, as stated in counsel's declaration, an irreconcilable breakdown precipitated the attorney-client breakdown. The District Court has granted our Motion to Withdraw as Counsel for Defendants from the underlying case in the District Court.

Defendants have been given notice of this Motion and have been served copies of this Motion via email and regular mail. The currently known address for the Defendants is 24-47 44th Street Astoria, NY 11103.

Local Rule 1.4 also compels an attorney requesting to withdraw to specify whether he or she is asserting a retaining or charging lien. Defense counsel is not asserting any retaining or charging lien. In addition, this motion has been served on the clients (Defendants) and proof of such service shall be filed on the docket.

## CONCLUSION

For the reasons set forth herein, the undersigned counsel respectfully requests the Court to enter an Order:

a) Granting Defendants' counsel, Coburn Greenbaum & Eisenstein, PLLC leave to withdraw as counsel for the Defendants in this action;

b) Granting Defendants' counsels' motion to file the Declaration of Counsel under seal and in camera; and

c) Staying this action for a period of thirty (30) days or another period of time set by the Court so that the Defendants may retain new counsel (See *DeJesus Rosario v. Mis Hijos Deli Corp.,* at

---

[2] Defendant has filed a Notice of Appeal of the Judgment.

5

12 n.1 and 2, additional time added for defendant to retain new counsel or appear pro se for the individual defendant).

Dated: February 20, 2025                                Respectfully submitted,


                By: <u>/s/ Jonathan Greenbaum</u>
                   Jonathan W. Greenbaum
                   Coburn Greenbaum & Eisenstein, PLLC
                   1710 Rhode Island Avenue, NW, 2nd Fl.
                   Washington, DC  20036
                   Telephone No:  202.744.5003
                   Facsimile No.: 866.561.9712
                   Email:  jg@coburngreenbaum.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Motion was filed via ECF on all counsel of record, and on Defendants 212 Steakhouse and Nikolay Volper via email and mail this 20th day of February, 2025.

/s/ Jonathan Greenbaum
Jonathan W. Greenbaum